IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Pedro Julio Burgos-González,<br>Plaintiff,<br><br>v.<br><br>Fresenius Kidney Care of Aguadilla ET AL,<br>Defendants. | CIVIL NO. 25-1472 (ADC-HRV)<br><br>JURY TRIAL DEMANDED |

**MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AS TO FRESENIUS MEDICAL CARE PHARMACY SERVICES, INC. AND MEMORANDUM OF LAW IN SUPPORT**

TO THE HONORABLE COURT:

COMES NOW Codefendant Fresenius Medical Care Pharmacy Services, Inc. ("FMC Pharmacy"), through undersigned counsel, and respectfully moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice all claims asserted against it in Plaintiff's First Amended Complaint, Docket No. 57. In support, FMC Pharmacy states as follows:

## I. INTRODUCTION

Plaintiff Pedro Julio Burgos-González alleges that he was excluded from life-sustaining outpatient dialysis care as the result of a campaign orchestrated by Dr. Jaime Da Silva Arocho ("Dr. Da Silva") and other defendants. This motion addresses a narrower question: whether the First Amended Complaint (the "Complaint") pleads facts plausibly connecting FMC Pharmacy to that alleged misconduct.

Although Plaintiff includes FMC Pharmacy within the collective term "Fresenius Defendants," the Complaint identifies no treatment, discharge decision, communication, agreement, or other actionable conduct attributable to FMC Pharmacy itself. Its factual narrative names other physicians, facilities, and personnel, but no FMC Pharmacy officer or employee as a participant. The distinction between those actors and FMC Pharmacy is central to this motion. ¶¶ 25, 56, 69–95.

The individual counts do not cure that deficiency. Count I is directed to the "Private Facility Defendants," a group that does not include FMC Pharmacy, and Count IV is directed exclusively to Hospital Metropolitano Dr. Susoni ("Hospital Susoni") and the "Responsible Doe Defendants." Counts II and III identify no federally funded program, covered health program, service, benefit, or discriminatory decision attributable to FMC Pharmacy. Counts V and VI allege no act, omission, duty, agreement, communication, or causal connection specific to FMC Pharmacy. Count VII identifies no FMC Pharmacy employee, agent, or representative who allegedly engaged in actionable misconduct within the course and scope of employment or on its behalf. Accordingly, FMC Pharmacy respectfully requests dismissal with prejudice of all claims asserted against it.

## II. STATEMENT OF RELEVANT ALLEGATIONS

The Complaint concerns Plaintiff's alleged exclusion from life-sustaining outpatient dialysis care. Plaintiff alleges that he has End-Stage Renal Disease and Systemic Lupus Erythematosus and requires recurring hemodialysis. He contends that Dr. Da Silva and other defendants orchestrated a campaign to deny him treatment after he complained about his care at Fresenius Kidney Care Aguadilla ("Fresenius Aguadilla").

According to the Complaint, Fresenius Aguadilla involuntarily discharged Plaintiff in March 2025, and adverse communications among providers led other physicians and facilities to refuse him stable outpatient treatment. Plaintiff alleges that those refusals forced him to rely on emergency care and prolonged hospitalization at Hospital Susoni, where he also experienced treatment delays, patient-safety failures, and threats related to his participation in this litigation. ¶¶ 2–15, 69–95, 114–129.

Based on those allegations, Plaintiff asserts federal claims under Title III of the Americans with Disabilities Act ("ADA"), the ADA's retaliation and interference provision, Section 504 of the Rehabilitation Act, and Section 1557 of the Affordable Care Act. He also asserts Puerto Rico law claims for retaliatory discharge, intentional interference with medical relationships, negligence, professional negligence, and vicarious liability. He seeks declaratory and injunctive relief to restore

access to outpatient dialysis and ensure a safe transition of care, as well as damages to the extent legally available, attorney's fees, and other relief. Counts I–VII & Prayer for Relief.

The Complaint's specific allegations about the discharge and its aftermath are as follows.

Plaintiff alleges that, in December 2024 and again in January 2025, nurse Carmen López warned him that Dr. Da Silva and Clinical Director Letisia González ("González") intended to terminate his services because he had contacted Medicare and Medicaid, and that no facility in Puerto Rico would thereafter accept him. ¶¶ 69–70. He alleges that Fresenius Aguadilla informed him of his discharge on March 17, 2025, and issued a letter dated March 19, 2025, terminating his care immediately. ¶¶ 7, 80–82. The letter recommended alternative facilities, but Plaintiff alleges that none had agreed to accept him and that Dr. Da Silva had barred him from the recommended Atlantis clinics. ¶¶ 83–86. He further alleges that subsequent statements and refusals by physicians and facilities support an inference that Dr. Da Silva or persons acting with him circulated adverse information to prevent his placement elsewhere. ¶¶ 88–95.

FMC Pharmacy is named in only two numbered paragraphs. Paragraph 25 recites its purported state of incorporation, principal executive office, and Puerto Rico resident-agent information, while acknowledging uncertainty about some of that information. Paragraph 56 includes FMC Pharmacy among the persons and entities collectively defined as the "Fresenius Defendants," who allegedly "jointly and severally conspired and orchestrated a campaign" to deny Plaintiff outpatient dialysis and to cause other providers to do the same. The Complaint also explains that Plaintiff named multiple Fresenius entities because he does not know which entity owned or operated the facilities, managed the relevant personnel, or participated in the alleged conspiracy. ¶ 26 n.3. Neither paragraph 25 nor paragraph 56 describes an act, communication, decision, or agreement by FMC Pharmacy itself.

The Complaint does not allege that Plaintiff requested or received pharmacy, medical, dialysis, or other healthcare services from FMC Pharmacy. Nor does it allege that FMC Pharmacy owned, leased, or operated Fresenius Aguadilla or any other facility involved in Plaintiff's care; provided medical treatment or outpatient dialysis to him; employed or supervised any physician, nurse, social worker, administrator, or

other person involved in his treatment; or made, approved, or participated in his March 2025 discharge. It likewise identifies no communication by FMC Pharmacy with a physician or treatment facility about Plaintiff, no refusal by FMC Pharmacy to admit or treat him, no grievance, accommodation request, referral, or placement request received by FMC Pharmacy from him, and no policy adopted or enforced by FMC Pharmacy that caused the alleged denial of care.

The specific allegations instead identify Dr. Da Silva, González, Fresenius Aguadilla personnel, and other physicians and facilities in describing the discharge, communications, and subsequent treatment refusals. ¶¶ 69–95. Paragraph 95 states that the precise communications—who made them, their recipients, timing, and content—remain within Defendants' records and knowledge, and that Plaintiff pleads an inference on information and belief from the statements he received. That paragraph does not identify FMC Pharmacy as a sender, recipient, or participant. Thus, although the Complaint attributes misconduct to collectively defined groups, it supplies no factual account of FMC Pharmacy's own role in the events alleged.

## III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. In evaluating a motion to dismiss under this Rule, the Court "accept[s] as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011). "The sole inquiry under Rule 12(b)(6) is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011).

The inquiry under Rule 12(b)(6) concerns the legal sufficiency of the operative complaint and is facial rather than factual. A complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The sufficiency of a complaint is governed by two well-established principles. First, although the Court must accept as true all well-pleaded factual allegations, it is not required to accept legal conclusions, unsupported inferences, or conclusory allegations couched as facts. Iqbal, 556 U.S. at 679. As the Supreme Court made clear, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.; *see also* Romero-Hernández v. Matías-De León, 796 F. Supp. 2d 290, 292 (D.P.R. 2011).

Second, the Court determines whether the remaining well-pleaded facts, considered in the context of the complaint as a whole, plausibly establish an entitlement to relief. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Romero-Hernández, 796 F. Supp. 2d at 292; see also Caro-Bonet v. Lotus Mgmt., LLC, 195 F. Supp. 3d 428, 430 (2016) (quoting Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)). The appropriate inquiry "in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 n.14, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A claim is plausible only when the alleged facts permit the Court to draw a reasonable inference that the particular defendant is liable for the misconduct alleged; facts merely consistent with liability do not cross the line from possibility to plausibility. Iqbal, 556 U.S. at 678 (*quoting* Twombly, 550 U.S. at 556-557). Determining plausibility is a "context-specific task" requiring the Court to draw on its "judicial experience and common sense." Id. at 679. Thus, where the well-

pleaded facts permit no more than the mere possibility of misconduct, the complaint has alleged, but has not shown, that the pleader is entitled to relief. Id.; Fed. R. Civ. P. 8(a)(2).

Fed. R. Civ. P. 8(a)(2) ("Rule 8") requires a "short and plain statement of the claim" showing entitlement to relief and providing the defendant fair notice of the claim and the grounds on which it rests. Although Rule 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (*quoting* Twombly, 550 U.S. at 555 (2007)). *See also* Difronzo v. City of Somerville, No. 25-1210, 2026 WL 2824054 (1st Cir. 2026). Accordingly, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570 (2007)). A complaint may not proceed based on conclusory allegations, speculation, or the hope that discovery will uncover a viable claim. Id. at 679.

The Court must also assess the sufficiency of the allegations as to the particular defendant seeking dismissal. Therefore, a complaint naming multiple defendants cannot satisfy Rule 8 by alleging collective misconduct without facts plausibly connecting each defendant to the challenged conduct. "[S]ave under special conditions, an adequate complaint must include not only a plausible claim but also a plausible defendant." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 594 (1st Cir. 2011). Accordingly, the pleading must provide fair notice through at least minimal facts identifying who did what to whom, when, and where. Ocasio-Hernández, 640 F.3d at 12; Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004).

The First Circuit has affirmed dismissal where a complaint relied on assumptions arising from defendants' positions but alleged no interactions or other facts connecting those defendants to the asserted deprivation. Ocasio-Hernández, 640 F.3d at 7. Likewise, although coordinated conduct may sometimes be alleged collectively, collective pleading is sufficient only when the complaint provides enough detail to make it plausible that the grouped defendants actually engaged in the same identified conduct. Ramhit v. Luu, 799 F. Supp. 3d 1, 8 (D. Mass. 2025). Applied here, collective labels and

conclusory assertions concerning the "Fresenius Defendants" cannot substitute for well-pleaded facts permitting a reasonable inference that FMC Pharmacy itself engaged in actionable conduct. The Complaint must allege facts connecting FMC Pharmacy, not merely some other person or entity bearing the Fresenius name, to each challenged act, communication, agreement, or decision.

Relatedly, corporate separateness limits the inference that may be drawn from a shared name or affiliation. Treating separately incorporated entities as interchangeable on that basis alone would disregard their distinct legal identities. Under federal law, common ownership and overlapping officers or directors do not, without more, eliminate separate corporate identity. United States v. Bestfoods, 524 U.S. 51, 69 (1998); De Castro v. Sanifill, Inc., 198 F.3d 282, 283 (1st. Circuit 1999). Puerto Rico law likewise preserves a corporation's legal personality as separate from its stockholders, officers and affiliated entities. Santiago Nieves v. Braulio Agosto Motors Inc., 197 P.R. Dec. 369 (2017) . Disregarding that separateness requires more than ownership, corporate affiliation, or a shared trade name. DACO Dep't of Consumer Affairs v. Alturas de Fla. Dev. Corp., 132 P.R. Dec. 905 (1993)

Taken together, these principles require Plaintiff to plead nonconclusory facts that plausibly connect FMC Pharmacy, as a distinct corporate entity, to the alleged misconduct. The First Amended Complaint does not meet said requirement. Its collective labels and unsupported assertions identify no act, omission, communication, agreement, or decision attributable to FMC Pharmacy and therefore fail to state a plausible claim against it under Rules 8(a)(2) and 12(b)(6).

## IV. ARGUMENT

### *A. The First Amended Complaint Alleges No Action or Omission by FMC Pharmacy*

The Complaint identifies FMC Pharmacy in only two places. Paragraph 25 recites its alleged corporate information, and Paragraph 56 includes it within the collective term "Fresenius Defendants." Neither paragraph attributes any conduct to FMC Pharmacy.

The Complaint does not allege that FMC Pharmacy provided treatment to Plaintiff, owned or operated any facility involved in his care, employed or supervised any person referenced in the narrative, participated in his discharge, communicated with healthcare providers concerning him, received his grievances or accommodation requests, or adopted any policy that contributed to the alleged denial of care. The factual allegations instead focus on other individuals and entities, including Dr. Da Silva, González, and Fresenius Aguadilla.

The absence of entity-specific allegations is therefore not cured by reading the pleading as a whole. The narrative itself confirms that no act or omission is attributed to FMC Pharmacy. Placement within a defined group is not a factual allegation that FMC Pharmacy committed, authorized, or agreed to any particular act.

After conclusory assertions and collective labels are set aside, no well-pleaded facts remain against FMC Pharmacy. Plaintiff has not supplied the minimum factual content required to show a plausible entitlement to relief. Plaintiff's inclusion of FMC Pharmacy within the broader label "Fresenius Defendants" does not bridge that gap. Collective allegations cannot substitute for facts plausibly connecting a particular defendant to the challenged conduct. Because the Complaint identifies no act, omission, communication, decision, agreement, employee, or policy attributable to FMC Pharmacy, it fails to state a plausible claim against that defendant.

Finally, shared branding or corporate affiliation does not erase the separate legal identities of distinct corporations. Under Puerto Rico law, corporate separateness may be disregarded ***only*** when necessary to prevent fraud, illegality, injustice, or similar wrongdoing. DACO,132 P.R. Dec. 905 (1993) . The Complaint alleges no facts suggesting that FMC Pharmacy was another defendant's alter ego or business conduit, that its corporate form furthered an unlawful purpose, or that any other basis exists to disregard its separate identity. Accordingly, conduct attributed to a dialysis facility, physician, clinical employee, or affiliated corporation cannot be imputed to FMC Pharmacy solely because of shared branding or corporate affiliation.

### *B. Count I Does Not Assert a Title III ADA Claim Against FMC Pharmacy*

Count I is expressly asserted against the "Private Facility Defendants." The Complaint defines that term to include Fresenius Aguadilla, Atlantis Health Care Group PR, Inc., Hospital Susoni, Nefrólogos Asociados del Oeste, and unidentified entities that own, lease, or operate private places of public accommodation. FMC Pharmacy is not included in that definition.

Title III of the ADA prohibits disability discrimination in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation by a person who owns, leases, leases to, or operates that place. 42 U.S.C.S. §12182(a). The statute also addresses the denial of participation, unequal benefits, and separate benefits provided through contractual, licensing, or other arrangements. 42 U.S.C.S. §12182(b)(1)(A).

The First Amended Complaint does not allege that FMC Pharmacy owned, leased, leased to, or operated Fresenius Kidney Care Aguadilla or another facility where Plaintiff sought dialysis. It does not allege that FMC Pharmacy offered Plaintiff any service, denied him any benefit, imposed unequal conditions on his access, or participated in a contractual or other arrangement that denied him services.

Accordingly, because Count I is not asserted against FMC Pharmacy and the Complaint alleges no facts satisfying the statutory requirements as to this Defendant, Count I should be dismissed to the extent Plaintiff intended to include FMC Pharmacy within that claim.

### *C. Counts II And III Do Not State A Claim Against FMC Pharmacy*

Count II is directed to the "Federally Funded Entity Defendants," while Count III is directed to the "Covered Health Program Defendants." The Complaint defines those terms collectively as institutional defendants receiving federal financial assistance or operating a covered health program. It does not identify FMC Pharmacy as a recipient of any particular federal assistance or as the operator of a program from which Plaintiff sought services.

For purposes of Section 504 of the Rehabilitation Act of 1973, "program or activity" may include the operations of a private organization receiving federal financial assistance as a whole or an organization principally engaged in providing healthcare. 29 U.S.C.S. § 794(b)(3). The Complaint does not allege that Plaintiff sought or was denied participation in any program or activity operated by FMC Pharmacy. Instead, it alleges only, upon information and belief, that collectively defined entities receive Medicare, Medicaid, or other federal assistance.

The same deficiency defeats Count III. Section 1557 of the Patient Protection and Affordable Care Act (ACA) prohibits exclusion from participation in, denial of benefits under, or discrimination in a health program or activity receiving federal financial assistance on a ground prohibited by the civil-rights statutes incorporated into that section. 42 U.S.C.S. § 18116(a). The Complaint does not identify a health program or activity operated by FMC Pharmacy, a benefit FMC Pharmacy denied Plaintiff, or a discriminatory decision made by FMC Pharmacy.

The factual allegations concern the termination of care at Fresenius Aguadilla, alleged communications among physicians and treatment facilities, and subsequent alleged refusals by healthcare providers. None identifies an FMC Pharmacy officer or employee, any service sought from FMC Pharmacy, or any decision attributable to FMC Pharmacy.

The statutory definitions of a covered program or federally funded entity do not impose liability on every affiliated corporation sharing a common trade name. Counts II and III should therefore be dismissed as to FMC Pharmacy.

### *D. Count IV Is Not Asserted Against FMC Pharmacy*

Count IV is expressly asserted only against Hospital Susoni and the "Responsible Doe Defendants." It rests on allegations that Hospital Susoni personnel threatened to bar Plaintiff from future admission if he attended court proceedings or sought discharge to manage his legal affairs. The Complaint attributes no comparable conduct and alleges no similar facts as to FMC Pharmacy. Moreover, it alleges no facts showing that FMC Pharmacy knew of Plaintiff's protected activity,

retaliated against him, threatened or coerced him, or otherwise interfered with his exercise of a protected right. Count IV therefore states no claim against FMC Pharmacy and should be dismissed to the extent Plaintiff intended to assert it against this Defendant.

### *E. Count V's Collective Conspiracy and Interference Allegations Do Not State a Claim Against FMC Pharmacy*

#### (i) The Factual Allegations Assign the Alleged Retaliation, Discharge, and Communications to Other Actors

Count V alleges retaliatory discharge and intentional interference with medical relationships. It collectively asserts that Dr. Da Silva, González, the "Fresenius Defendants," and unnamed "Communicating Doe Defendants" orchestrated Plaintiff's immediate discharge, treated his contacts with Medicare and Medicaid as misconduct, and transmitted or encouraged the transmission of adverse information to prevent other providers from accepting him. But the Complaint's own factual allegations attribute those actions to others, not to FMC Pharmacy.

The Complaint's specific factual allegations, however, attribute that conduct to other actors: the instructions to terminate Plaintiff's services to Dr. Da Silva and González; the discharge decision to Fresenius Aguadilla; the retaliatory motive to Dr. Da Silva's alleged hostility; and the dissemination of adverse information to Dr. Da Silva or persons acting with him. The Complaint alleges no facts showing that FMC Pharmacy participated in, approved, knew of, or encouraged any of this conduct.

Nor does the Complaint plausibly connect FMC Pharmacy to the alleged communications. A physician's statement that he received a call "from Aguadilla" does not identify FMC Pharmacy as the caller or source. Likewise, references by other providers to Dr. Da Silva do not support a reasonable inference that FMC Pharmacy transmitted, received, or relied on any allegedly adverse information about Plaintiff.

**(ii) The Complaint Relies on Impermissible Group Pleading**

Paragraph 56 includes FMC Pharmacy among thirteen named persons and entities, plus unidentified Doe defendants, collectively defined as the "Fresenius Defendants." It asserts that they "jointly and severally conspired and orchestrated a campaign," but supplies no facts describing FMC Pharmacy's role. Its inclusion in that group is merely a label, not a factual allegation of participation.

In Peñalbert-Rosa, the First Circuit held that naming defendants and alleging that they "conspired" did not state a claim where the complaint offered only speculation that each participated as a perpetrator or accomplice. 631 F.3d at 594–596. Specific information, even if not yet in admissible form, may suffice at the pleading stage; pure speculation does not. Id. Here, the collective accusation supplies no factual basis for inferring FMC Pharmacy's participation.

Rule 8 requires minimal facts identifying who did what to whom, when, and where. Educadores Puertorriqueños, 367 F.3d at 68. The Complaint identifies neither a representative who acted for FMC Pharmacy nor conduct attributable to it. It therefore fails to provide fair notice of when or how FMC Pharmacy allegedly joined the campaign or of the specific conduct underlying the claim against it.

**(iii) The Complaint Pleads No Facts Plausibly Showing an Agreement Involving FMC Pharmacy**

The repeated assertion that defendants "conspired" does not establish an agreement. "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." Twombly, 550 U.S. at 557. A pleading that gives no clue which defendants agreed, which employees participated, or when and where the agreement occurred remains speculative. Id. at 565 n.10.

Here, the Complaint alleges no communication between FMC Pharmacy and Dr. Da Silva, González, Fresenius Aguadilla, or any provider that allegedly refused to treat Plaintiff. It identifies no meeting, discussion, instruction, or other act suggesting that FMC Pharmacy entered into or

furthered an agreement to deny him treatment. Without facts supporting an inference that FMC Pharmacy knowingly joined the alleged agreement, the conspiracy allegation is a legal conclusion, not a well-pleaded basis for liability under Twombly and Iqbal.

**(iv) Plaintiff's Own Allegations Underscore the Speculative Nature of the Claim**

Plaintiff acknowledges that he does not know who participated in the alleged communications, what was said, when the communications occurred, or which entities were involved. Those admissions underscore the absence of facts linking FMC Pharmacy to the alleged conspiracy.

Pleading on information and belief does not cure that defect. Even when relevant information is within another party's control, the Complaint must allege supporting facts that make the inference against the particular defendant plausible. Here, Plaintiff alleges only that Dr. Da Silva, or unidentified persons acting with him, may have disseminated an adverse characterization of Plaintiff as "problematic" or otherwise unacceptable. He pleads no facts identifying FMC Pharmacy as one of those individuals or showing that FMC Pharmacy transmitted, received, or acted upon any such information.

At most, the Complaint suggests the possibility that communications occurred among unidentified parties. Under Twombly and Iqbal, however, possibility is not plausibility. Conceivable involvement is not enough. The Complaint must supply facts supporting that connection, not merely leave open the possibility that FMC Pharmacy was involved.

**(v) The Complaint Also Fails to State an Interference Claim**

Count V also alleges "intentional interference with medical relationships." To the extent that phrase invokes Puerto Rico's tort of interference with contractual relations, the Complaint must identify a contract with which FMC Pharmacy interfered. An expectancy or potentially profitable relationship, without a contract, does not support that cause of action. General Office Products Corp. v. A.M. Capen's Sons, Inc., 780 F.2d 1077, 1081 (1st Cir. 1986). The claim also requires fault, including knowledge of the contract's existence. *Id.*

The Complaint identifies no contract between Plaintiff and another dialysis provider, no contractual provision allegedly disrupted, no knowledge by FMC Pharmacy of any such contract, and no act by FMC Pharmacy intended to induce a breach or termination. Nor does the Complaint identify any specific physician-patient, referral, or treatment relationship that FMC Pharmacy knowingly sought to disrupt. Allegations that other providers refused treatment do not state a claim against FMC Pharmacy absent facts connecting FMC Pharmacy's own conduct to those decisions.

Finally, FMC Pharmacy's alleged corporate affiliation with other Fresenius entities does not bridge these pleading gaps. Corporate affiliation does not establish liability, participation in a conspiracy, or interference with contractual relations. The Complaint alleges no conduct by FMC Pharmacy, whether acting independently or jointly with any other defendant. Collective allegations may suffice when pleaded facts make coordinated conduct by the identified defendants plausible. Ramhit v. Luu, 799 F. Supp. 3d at 8. The collective label cannot substitute for that missing factual connection.

Accordingly, Count V fails to allege facts plausibly showing that FMC Pharmacy joined any conspiracy or knowingly interfered with any identified contractual or medical relationship and should therefore be dismissed as to FMC Pharmacy.

### *F. Count VI Fails to Allege an Act, Omission, Duty, or Causal Connection Attributable to FMC Pharmacy*

Count VI is asserted against the "Healthcare Defendants," a group defined as persons and entities that allegedly participated in Plaintiff's treatment, discharge, communications, referrals, record transfers, admission, case management, or emergency-care decisions. But the Complaint alleges no facts showing that FMC Pharmacy performed any of those functions. Merely placing FMC Pharmacy within a defined group of defendants does not supply the missing factual allegations concerning its own conduct.

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to permit a reasonable inference of liability; allegations that merely recite the elements of a claim are insufficient. Cabrera-Berrios v. Pedrogo, 21 F. Supp. 3d 147, 151 (2014). Under Puerto Rico law, a tort claim requires an injury, a negligent or wrongful act or omission, and a causal relationship between that conduct and the injury. Causation, moreover, cannot rest on speculation or conjecture. Blás Toledo v. Hosp. Nuestra Señora de La Guadalupe, 98 TSPR 111, 146 P.R. Dec. 267

The Complaint does not identify any negligent or wrongful act by FMC Pharmacy. It does not allege that FMC Pharmacy treated Plaintiff, controlled his placement, possessed or transferred his medical records, discharged him, communicated adverse information about him, or assumed responsibility for securing dialysis treatment. Nor does it allege any treatment, contractual, custodial, or other relationship from which FMC Pharmacy owed Plaintiff a duty relevant to the alleged injuries.

Because the First Amended Complaint attributes no actionable conduct or omission to FMC Pharmacy, it also fails to allege a non-speculative causal connection between FMC Pharmacy and Plaintiff's injuries. The collective allegations against the "Healthcare Defendants" cannot cure that deficiency because they do not identify what FMC Pharmacy itself allegedly did, failed to do, or was obligated to do. Count VI should therefore be dismissed as to FMC Pharmacy.

### *G. Count VII Fails Because the Complaint Identifies No FMC Pharmacy Employee or Agent Who Committed an Actionable Wrong*

Count VII alleges that under Article 1540 of the Puerto Rico Civil Code, "physicians, nurses, social workers, directors, administrators, and other personnel" acted within the employment, agency, apparent authority, or assigned functions of one or more "Institutional Defendants" and, therefore, the "Institutional Defendants" are responsible for the damages caused to the Plaintiff by their negligence or fault. However, the allegation does not identify any such person as an employee or agent of FMC Pharmacy. Puerto Rico law recognizes that an employer may be liable for an employee's unlawful acts committed in the discharge of the employee's functions. But the Complaint

must still identify the unlawful or negligent conduct by a person acting on behalf of the particular defendant against whom vicarious liability is asserted.

Vicarious liability depends on a meaningful connection between the employee's conduct and the employer's business. The relevant considerations include whether the employee sought to serve or benefit the employer, whether the conduct was reasonably related to the employment, and whether the employee acted from purely personal motives. Vernet v. Serrano-Torres, 566 F.3d 254, 261 (2009). Thus, even for wrongful conduct, there must be some link between the employee's act and the employer's legitimate interests. Attallah v. United States, 955 F.2d 776, 782 (1992). Here, the Complaint alleges no facts establishing that link as to FMC Pharmacy. It does not allege who acted for FMC Pharmacy, what that person did, or how the conduct was related to any work performed for FMC Pharmacy.

Instead, it groups FMC Pharmacy with multiple institutional defendants and alleges only that unspecified personnel acted for one or more of them. That collective allegation does not permit a reasonable inference that FMC Pharmacy is liable for the alleged misconduct. A formulaic assertion of employment or agency, without supporting factual allegations, does not satisfy Rule 8. Nor does it allege facts supporting the material elements necessary to sustain recovery against FMC Pharmacy. Accordingly, Count VII fails to state a plausible vicarious-liability claim against FMC Pharmacy and should be dismissed as to that defendant.

### *H. Arguments or New Facts Raised in Opposition Cannot Repair the Pleading*

Plaintiff may not avoid dismissal by supplying, in an opposition, facts omitted from the First Amended Complaint. Rule 12(b)(6) review is confined to the operative pleading and the limited materials properly considered with it, and facts first asserted in an opposition cannot amend the complaint. Bello v. Howard Univ., 898 F. Supp. 2d 213, 222 (D.D.C. 2012). Similarly, a new claim that the complaint neither articulates nor fairly suggests cannot be introduced through motion practice. Calvi v. Knox County, 470 F.3d 422, 430 (1st. Cir. 2006).

The principle applies with particular force here. The Complaint itself must contain facts connecting FMC Pharmacy to the alleged denial of dialysis care. A suggestion in opposition that discovery may later reveal such a connection would not satisfy Rule 8(a)(2), because conclusory allegations and speculation do not unlock discovery. The question is not whether Plaintiff might later uncover facts against FMC Pharmacy, but whether the First Amended Complaint presently pleads sufficient facts to state a plausible claim against it. It does not. Because Plaintiff has already amended his complaint once and still alleges no facts connecting FMC Pharmacy to the challenged conduct, dismissal should be with prejudice.

## V. CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Codefendant Fresenius Medical Care Pharmacy Services, Inc. respectfully requests that the Court:

(i) GRANT this Motion;

(ii) DISMISS WITH PREJUDICE all claims asserted against Fresenius Medical Care Pharmacy Services, Inc. in the First Amended Complaint, and;

(iii) GRANT such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which will transmit notice of the filing to all counsel of record registered in the system.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10 day of November 2026.

**MCCONNELL VALDÉS LLC**
***Attorneys for Fresenius Medical Care Pharmacy Services, Inc.***
270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 759-9292
Facsimile: (787) 759-8282

*s/ Antonio A. Arias-Larcada*
ANTONIO A. ARIAS-LARCADA
USDC-PR No. 204906
aaa@mcvpr.com

*s/ Lourdes A. Robles-Torres*
LOURDES A. ROBLES-TORRES
USDC-PR No. 302602
lar@mcvpr.com